East'n. District.
*April*, 1826.

## HERRING vs. LEVY.

APPEAL from the court of the first district.

MATHEWS, J., delivered the opinion of the court. This suit is brought by the endorsee of a negotiable note, against one of the makers. It was executed by Reynolds & Levy, who, at the time of making it, were trading under a general partnership, and was made payable to one Isaac Riley, by whom it appears to have been regularly transferred, by endorsement, to the present plaintiff.

The defendant opposes the payment, on the ground of a surrender of property and discharge from the creditors of his late firm. From the record of proceeding, had in the cession of goods, it appears, that the note now sued on was placed to the credit of the original payee, and that he received a just dividend of the insolvent's estate, proportioned on the amount of said note. But it is contended, on the part of the plaintiff, that Riley ceased to have any interest in the debt previous to the proceedings in the *concurso* and filing of their bilan by the bankrupts; and, that

HERRING
*vs.*
LEVY.

The insolvent is bound to put the creditor on his bilan, and is not excused from doing so by not having knowledge of the endorsee to whom the note was transferred.

Merchants' books are not in themselves evidence against merchants.

Merchants' books are evidence, on proof of the clerk's hand writing & his death; but extracts from them are not.

HERRING
*vs.*
LEVY.

as he, the plaintiff, does not appear as a creditor in those proceedings, he has a right to enforce payment from the present defendant, who is now solvent. Judgment was rendered in favor of the plaintiff, in the court below, from which the defendant appealed.

The case seems to present two principal questions for decision: first, whether, as the insolvents did not know into whose hands the note now in contest had fallen, they are not freed from further obligation on it, by representing it as a credit to the payee, who recognized that representation, and received a dividend thereon. The second question arises out of several exceptions taken to opinions of the judge *a quo*, by which he rejected evidence offered on the part of the defendant, attempted to be established by the testimony of a person who was clerk to Riley, and by extracts taken from the books of accounts of the latter, relating to the commercial dealing between him, and Reynolds & Levy.

As to the first of these questions, we are of opinion that persons who issue negotiable paper, must take the risk, in case of insolvency, of ascertaining the *bona fide* holder and

East'n. District.
*April*, 1826.

HERRING
*vs.*
LEVY.

this neglect in so doing, and placing him on their bilan, is not cured by exhibiting the debt due to the original payee, when the note has been regularly transferred to another person. Admitting this principle to be correct, the defendant attempted to show, on the trial below, that no absolute transfer of interest and ownership had taken place of the note now in question; but that it had only been endorsed over to the plaintiff as collateral security on an obligation long since discharged by Riley, the payee, which destroyed the right of the appellant both in law and equity. To prove these facts, extracts from the commercial books of Riley were offered, supported by the testimony of his clerk, as above stated, which were rejected by the district court, and exceptions taken, &c.

It has been already settled by a decision of this court, (*vol.* 2, 508) that merchants' books are not in themselves evidence against other merchants. That decision was made on a construction of the provisions of our Civil Code on this subject, and we still consider it correct. In France, the commercial code of that country has, in some degree, changed the ancient principle, founded in reason, and

HERRING
*vs.*
LEVY.

consecrated by the Roman law, as *Toullier,* expresses himself, *p.* 534, *vol.* 8, by which the doctrine was taught, that no person could make a title for himself, or constitute a debtor by his own proper authority. The care and strictness under which books are to be admitted in contests between merchants, as evidence, and the many guards provided by the new jurisprudence, to prevent fraud in the manner of keeping such books, goes far to remedy any evil which might otherwise have resulted from this innovation in jurisprudence

In support of the doctrine contended for by the counsel of the defendant, we have been referred to many decisions made by the courts of different states of the Union. From these decisions, it would seem that a custom of receiving merchants' books as evidence, in some of the states, has assumed the force of law. In this state there is no such rule established, either by express law, or custom. According to the rules of evidence, received as correct in the tribunals of England, founded either on commercial or common law, when books of account have been kept by a clerk, who may have died before he was required to prove the delivery of goods, on proof of the

entries being in his hand writing, the books
are admitted as evidence in favor of the mer-
chant. See *Phillips' Ev.*, *p.* 194. The rules of
evidence, as recognized in our courts of jus-
tice, are, it is true, adopted in a great degree
from English authorities; and although in
the case above stated, merchants' books ought
probably to be received in evidence, the rule
cannot with propriety be extended to the re-
ception of extracts from such books. We are
therefore of opinion that the court below was
correct in rejecting the extracts of accounts
from the books of Riley, so far as their authen-
ticity depends on the entries of clerks proven
to be dead.

The testimony of the clerk, Adams, could
not properly have been excluded on the
ground of incompetency in the witness; but
allowing it to be admissible, and giving to it
all the weight to which it is legally entitled,
it does not help the cause of the appellant.
The witness proves nothing arising from his
own knowledge, which can be admitted to
disprove the absolute transfer of the note to
the plaintiff, by the written contract, created
by the endorsement. On that subject, he only
states that the entry in the deposit account

East'n. District.
*April*, 1826.

HERRING
*vs.*
LEVY.

against Herring, which relates to this note, is in his hand writing, and of course it is to be presumed that it was ordered by his employer, who is not at liberty in that way to make a title for himself.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be affirmed, with costs.

*Morse* for the plaintiff, *Pierce* for the defendant.